UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| MATTHEW X. WINTERS, <br><br> Plaintiff, <br><br> v. <br><br> CORPORAL JARVELA, CORPORAL RARIE, SERGEANT GRAY, CORRECTIONAL OFFICER BEDFORD, CORRECTIONAL OFFICER AYALA, CORPORAL MACDONALD, CAPTAIN BERANIS, CORRECTIONAL OFFICER LOESCH, SERGEANT REINERSMAN, and KATHLEEN SUMMERS, <br><br> Defendants. | Case No. 25-CV-1135-JPS <br><br><br> **ORDER** |
| MATTHEW X. WINTERS, <br><br> Plaintiff, <br><br> v. <br><br> J. O'HANLON, <br><br> Defendant. | Case No. 25-CV-1136-JPS <br><br> **ORDER** |

| | |
|---|---|
| MATTHEW X. WINTERS,<br><br>    Plaintiff,<br>v.<br><br>CORPORAL WILLSTEAD and CORPORAL DOBBS,<br><br>    Defendants. | Case No. 25-CV-1629-JPS<br><br>**ORDER** |
| MATTHEW X. WINTERS,<br><br>    Plaintiff,<br>v.<br><br>VITA CORE MEDICAL STAFF and NICOLE DO,<br><br>    Defendants. | Case No. 25-CV-1741-JPS<br><br>**ORDER** |
| MATTHEW X. WINTERS,<br><br>    Plaintiff,<br>v.<br><br>CPL. MACDONALD, C.O. LIVINGSTON, CPL. JARVELA, SGT. BERNHARDT, C.O. WILKS, C.O. GRIFFIFTH, C.O. POOLE, C.O. TROTTER, SGT. PARKER, LT. MIKUTIS, C. VALLADARES, K. CERMINARA, BRITTANY ERBY, and C.O. HARRIS,<br><br>    Defendants. | Case No. 25-CV-1755-JPS<br><br>**ORDER** |

Plaintiff Matthew X. Winters ("Plaintiff"), an inmate at Kenosha County Detention Center ("KCDC"), has filed five cases within several months. All of Plaintiff's cases are § 1983 civil rights cases and are generally about his care at KCDC. Specifically, Plaintiff has filed the following cases:

| Date Filed | Case Number | Disposition |
| --- | --- | --- |
| 08/01/2025 | 25-CV-1135 | Screened |
| 08/01/2025 | 25-CV-1136 | Screened |
| 10/23/2025 | 25-CV-1629 | Pre-screening |
| 11/06/2025 | 25-CV-1741 | Pre-screening |
| 11/07/2025 | 25-CV-1755 | Pre-screening |

In Case No. 25-CV-1135, Plaintiff recently filed an amended complaint, which included ten different complaints as attachments. Case No. 25-CV-1135, ECF No. 15. Plaintiff states he wants to "amend and sever into separate lawsuits." *Id.* at 1. In Case No. 25-CV-1755, Plaintiff's complaint attached eleven different complaints. Case No. 25-CV-1755, ECF No. 1-1. Including these attached complaints, it appears that Plaintiff is attempting to bring over twenty different cases.

The right of access to federal courts is not absolute. *In re Chapman*, 328 F.3d 903, 905 (7th Cir. 2003) (citing *United States ex rel. Verdone v. Circuit Court for Taylor Cnty.*, 73 F.3d 669, 674 (7th Cir. 1995)). Individuals are "only entitled to meaningful access to the courts." *Id.* (citing *Lewis v. Casey*, 518 U.S. 343, 351 (1996)). "Every paper filed . . . no matter how repetitious or frivolous, requires some portion of the institution's limited resources. A part of the Court's responsibility is to see that these resources are allocated in a way that promotes the interests of justice." *In re McDonald*, 489 U.S. 180, 184 (1989). A federal court's inherent powers include "the ability to fashion

an appropriate sanction for conduct which abuses the judicial process." *Chambers v. NASCO, Inc.*, 501 U.S. 32, 44–45 (1991). The All Writs Act, 28 U.S.C. § 1651(a), gives district courts the "inherent power to enter pre-filing orders against vexatious litigants." *Orlando Residence Ltd. v. GP Credit Co., LLC,* 609 F. Supp. 2d 813, 816–17 (E.D. Wis. 2009) (citing *Molski v. Evergreen Dynasty Corp.*, 500 F.3d 1047, 1057 (9th Cir. 2007)). "A filing restriction must, however, be narrowly tailored to the type of abuse, and must not bar the courthouse door absolutely." *Chapman v. Exec. Comm.*, 324 Fed. App'x 500, 502 (7th Cir. 2009) (citations omitted). "Courts have consistently approved filing bars that permit litigants access if they cease their abusive filing practices," but have "rejected as overbroad filing bars in perpetuity." *Id.* (citations omitted); *Smith v. United States Cong.*, No. 19-CV-1001-PP, 2019 WL 6037487, at *9 (E.D. Wis. Nov. 14, 2019).

Under the circumstances presented by Plaintiff having filed what amounts to be over twenty different complaints in a short time span, the Court finds it appropriate to impose a filing bar limiting Plaintiff to proceeding with only two cases before this branch of the Court at any one time, with the exception that the bar will not apply to habeas corpus petitions relating to his criminal convictions. Accordingly, the Court will order Plaintiff to file a letter with the Court within thirty days of this Order indicating which two of his five open cases before this Court (25-CV-1135, 25-CV-1136, 25-CV-1629, 25-CV-1741, 25-CV-1755) he would like to proceed. The remaining cases will then be administratively closed subject to a motion to reopen after such time as the number of Plaintiff's pending cases falls below two. Plaintiff may move to modify or rescind this bar no earlier than three years after the date of this Order. *See Smith,* 2019 WL 6037487, at *11.

Page 4 of 5
Case 2:25-cv-01135-JPS    Filed 12/09/25    Page 4 of 5    Document 17

Accordingly,

**IT IS ORDERED** that Plaintiff Matthew X. Winters is **BARRED** from having more than two open cases before this branch of the Court, with the exception that the bar will not apply to habeas corpus petitions relating to his criminal convictions; the Clerk of Court shall return **UNFILED** any new cases submitted by or on behalf of Plaintiff in violation of this Order; Plaintiff may move to modify or rescind this bar no earlier than three years after the date of this Order; and

**IT IS FURTHER ORDERED** that, consistent with the terms of this Order, Plaintiff must file a letter with the Court on or before **January 9, 2026** indicating which two of his five open cases before this Court (25-CV-1135, 25-CV-1136, 25-CV-1629, 25-CV-1741, 25-CV-1755) he would like to proceed.

Dated at Milwaukee, Wisconsin, this 9th day of December, 2025.

BY THE COURT:

_____
J. P. Stadtmueller
U.S. District Judge