# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

MATTHEW X. WINTERS,

            Plaintiff,

v.                                                    Case No. 25-CV-1135-JPS

C.O. AYALA,
                                                      **ORDER**

            Defendant.

Plaintiff Matthew X. Winters, a prisoner proceeding pro se and incarcerated at the Kenosha County Detention Center, filed a complaint in the above captioned action along with a motion to proceed without prepaying the full filing fee, or to proceed *in forma pauperis*. ECF Nos. 1, 2. On April 8, 2026, the Court screened the second amended complaint, found that it violates Federal Rules of Civil Procedure 18 and 20, and allowed Plaintiff the opportunity to file a third amended complaint. ECF No. 26. This Order screens Plaintiff's third amended complaint, ECF No. 27.

## 1.    SCREENING THE THIRD AMENDED COMPLAINT

### 1.1    Federal Screening Standard

Under the Prison Litigation Reform Act, the Court must screen complaints brought by prisoners seeking relief from a governmental entity or an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint if the prisoner raises claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

In determining whether a complaint states a claim, the Court applies the same standard that applies to dismissals under Federal Rule of Civil Procedure 12(b)(6). *See Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017) (citing *Booker-El v. Superintendent, Ind. State Prison*, 668 F.3d 896, 899 (7th Cir. 2012)). A complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The complaint must contain enough facts, accepted as true, to "state a claim for relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows a court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556).

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that someone deprived him of a right secured by the Constitution or the laws of the United States and that whoever deprived him of this right was acting under the color of state law. *D.S. v. E. Porter Cnty. Sch. Corp.*, 799 F.3d 793, 798 (7th Cir. 2015) (citing *Buchanan–Moore v. County of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009)). The Court construes pro se complaints liberally and holds them to a less stringent standard than pleadings drafted by lawyers. *Cesal*, 851 F.3d at 720 (citing *Perez v. Fenoglio*, 792 F.3d 768, 776 (7th Cir. 2015)).

### 1.2    Plaintiff's Allegations

Plaintiff seeks to proceed against Defendant C.O. Ayala ("Ayala"), who was employed at the Kenosha County Detention Center. ECF No. 27 at 1. On May 14, 2023, Ayala spread rumors about Plaintiff to female inmate workers. *Id.*at 2. Specifically, Ayala said that Plaintiff "was on the east side grabbing people's dicks." *Id.* This rumor spread throughout the institution

and Plaintiff was harassed, humiliated, threatened, and disrespected by other inmates as a result. *Id.*

Plaintiff submitted a grievance about Ayala's actions. *Id.* Afterwards, Ayala began treating Plaintiff poorly because of the grievance. *Id.* Ayala muted Plaintiff's emergency intercom button, talked to other inmates about Plaintiff, and avoided him when Plaintiff needed essential items such as forms, tissues, and soap. *Id.* Ayala would let other inmates use the microwave and the facility kiosk but would not allow Plaintiff the same opportunities. Ayala did not mistreat Plaintiff until after the grievance was filed. *Id.* Sometime in May 2023, Ayala overheard Plaintiff having a conversation with another inmate. *Id.* at 3. Afterwards, Ayala asked the inmate if he knew that Plaintiff was gay. Other inmates heard this conversation. *Id.* Plaintiff did not want to disclose his sexual preference to other inmates. *Id.* The other inmate became aggressive and hostile towards Plaintiff after Ayala told him this information and no longer wanted to be friends with Plaintiff. *Id.* Afterwards, other inmates in the unit began to harass, threaten, and proposition Plaintiff because of his sexual orientation. *Id.*

### 1.3    Analysis

First, the Court finds that Plaintiff may proceed on a First Amendment retaliation claim against Ayala. To prevail on a retaliation claim, Plaintiff must ultimately show that: "(1) he engaged in activity protected by the First Amendment; (2) he suffered a deprivation likely to deter such activity; and (3) the First Amendment activity was at least a motivating factor in the decision to impose the deprivation." *Hawkins v. Mitchell*, 756 F.3d 983, 996 (7th Cir. 2014).

Here, Plaintiff alleges that Ayala retaliated against him for filing an inmate grievance. It is well established that a prisoner's ability to file complaints is protected by the First Amendment. *See Hughes v. Scott*, 816 F.3d 955, 956 (7th Cir. 2016). As for the second element, Plaintiff alleges suffering deprivations—being denied an emergency intercom, essential items, and access to the facilities—that, we can infer, would likely dissuade a person of ordinary firmness from exercising further First Amendment activity. *See Gomez v. Randle*, 680 F.3d 859, 866 (7th Cir. 2012) (prison transfer likely to deter). At the pleadings stage, the Court therefore finds these allegations sufficient to state a First Amendment retaliation claim against Ayala.

Second, the Court finds that Plaintiff may proceed on an Eighth Amendment claim against Ayala for verbal harassment. Under the Eighth Amendment, a state may not subject prisoners "to conditions of confinement amounting to cruel and unusual punishment." *Giles v. Godinez*, 914 F.3d 1040, 1051 (7th Cir. 2019) (citing *Rhodes v. Chapman*, 452 U.S. 337, 345–47 (1981)). The Supreme Court has clarified, however, that only "extreme deprivations" will amount to cruel and unusual conditions of confinement. *Id.* (citing *Hudson v. McMillian*, 503 U.S. 1, 9 (1992)). The court must judge the alleged conditions "in accordance with contemporary standards of decency." *Id.* An Eighth Amendment claim consists of both objective and subjective components. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). In the context of a conditions-of-confinement claim, a prisoner must show that he has been deprived of "'the minimal civilized measure of life's necessities.'" *Wilson v. Seiter*, 501 U.S. 294, 298 (1991) (quoting *Rhodes*, 452 U.S. at 347). The subjective component requires a prisoner to demonstrate that prison officials acted with the requisite intent, that is, that the officials

acted with "deliberate indifference" to a substantial risk that the prisoner would suffer serious harm. *Farmer*, 511 U.S. at 834; *Wilson*, 501 U.S. at 303.

Except in exceptional circumstances, verbal abuse or harassment from prison officials does not constitute cruel and unusual punishment. *See Beal v. Foster*, 803 F.3d 356, 357–58 (7th Cir. 2015); *DeWalt v. Carter*, 224 F.3d 607, 612 (7th Cir. 2000), abrogated in part on different grounds by *Savory v. Cannon*, 947 F.3d 409, 423–24 (7th Cir. 2020) (*en banc*). But when the comments are repeated and of a certain nature, they may increase the plaintiff's risk of physical or psychological harm from fellow inmates. *See Beal*, 803 F.3d at 358–59. For example, statements by correctional officers made in front of other incarcerated persons about a plaintiff's sexual orientation could increase that plaintiff's risk of sexual assault or harassment. *Id.* In that scenario, ongoing verbal harassment may support an Eighth Amendment claim. *Id.*

Here, Plaintiff's allegations suggest that Ayala's actions increased Plaintiff's risk of sexual assault or harassment. Ayala told other inmate's Plaintiff's sexual orientation and he was harassed and threatened as a result. As such, Plaintiff may proceed on an Eighth Amendment verbal harassment claim against Ayala.

## 2. CONCLUSION

In light of the foregoing, the Court finds that Plaintiff may proceed on the following claims pursuant to 28 U.S.C. § 1915A(b):

**Claim One:** First Amendment retaliation claim against Ayala.

**Claim Two:** Eighth Amendment claim against Ayala for verbal harassment.

Accordingly,

**IT IS ORDERED** that the U.S. Marshals Service shall serve a copy of the third amended complaint and this Order upon Defendant **Ayala** pursuant to Federal Rule of Civil Procedure 4. Plaintiff is advised that Congress requires the U.S. Marshals Service to charge for making or attempting such service. 28 U.S.C. § 1921(a). Although Congress requires the Court to order service by the U.S. Marshals Service, it has not made any provision for these fees to be waived either by the Court or by the U.S. Marshals Service. The current fee for waiver-of-service packages is $8.00 per item mailed. The full fee schedule is provided at 28 C.F.R. §§ 0.114(a)(2), (a)(3). The U.S. Marshals Service will give Plaintiff information on how to remit payment. The Court is not involved in collection of the fee;

**IT IS FURTHER ORDERED** that Defendant **Ayala** shall file a responsive pleading to the complaint;

**IT IS FURTHER ORDERED** if Defendant contemplates a motion to dismiss, the parties must meet and confer before the motion is filed. Defendant should take care to explain the reasons why he intends to move to dismiss the third amended complaint, and Plaintiff should strongly consider filing another amended complaint. The Court expects this exercise in efficiency will obviate the need to file most motions to dismiss. Indeed, when the Court grants a motion to dismiss, it typically grants leave to amend unless it is "certain from the face of the complaint that any amendment would be futile or otherwise unwarranted." *Harris v. Meisner*, No. 20-2650, 2021 WL 5563942, at *2 (7th Cir. Nov. 29, 2021) (quoting *Runnion ex rel. Runnion v. Girl Scouts of Greater Chi. & Nw. Ind.*, 786 F.3d 510, 524 (7th Cir. 2015)). Therefore, it is in both parties' interest to discuss the matter prior to motion submissions. Briefs in support of, or opposition to,

motions to dismiss should cite no more than ten (10) cases per claim. No string citations will be accepted. If Defendant files a motion to dismiss, Plaintiff is hereby warned that he must file a response, in accordance with Civil Local Rule 7 (E.D. Wis.), or he may be deemed to have waived any argument against dismissal and face dismissal of this matter with prejudice.

Dated at Milwaukee, Wisconsin, this 22nd day of June, 2026.

BY THE COURT:

_____

J. P. Stadtmueller
U.S. District Judge

<div style="border:1px solid red; color:red;">

Plaintiffs who are inmates at Prisoner E-Filing Program institutions shall submit all correspondence and case filings to institution staff, who will scan and e-mail documents to the Court. Prisoner E-Filing is mandatory for all inmates at Columbia Correctional Institution, Dodge Correctional Institution, Green Bay Correctional Institution, Oshkosh Correctional Institution, Waupun Correctional Institution, and Wisconsin Secure Program Facility.

Plaintiffs who are inmates at all other prison facilities, or who have been released from custody, will be required to submit all correspondence and legal material to:

> Office of the Clerk
> United States District Court
> Eastern District of Wisconsin
> 362 United States Courthouse
> 517 E. Wisconsin Avenue
> Milwaukee, Wisconsin 53202

**DO NOT MAIL ANYTHING DIRECTLY TO THE COURT'S CHAMBERS**. If mail is received directly to the Court's chambers, **IT WILL BE RETURNED TO SENDER AND WILL NOT BE FILED IN THE CASE**.

</div>

Plaintiff is further advised that failure to timely file any brief, motion, response, or reply may result in the dismissal of this action for failure to prosecute. In addition, the parties must notify the Clerk of Court of any change of address. **IF PLAINTIFF FAILS TO PROVIDE AN UPDATED ADDRESS TO THE COURT AND MAIL IS RETURNED TO THE COURT AS UNDELIVERABLE, THE COURT WILL DISMISS THIS ACTION WITHOUT PREJUDICE**.